

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

May 28, 1947

Honorable Paul Worden,
Criminal District Attorney,
Collin County,
McKinney, Texas

Opinion No. V-218

Dear Sir:

Re: Fees of out-of-county sher-
iffs for serving citations
in suits by incorporated
cities for taxes.

We refer to your letter of April 24th, 1947, in
which you submit the following:

"Reference is made to Article 7332,
Vernon's Texas Civil Statutes and the fol-
lowing question is presented, requesting
your opinion:

"In a suit brought in the District
Court by an incorporated city, represented
by private attorneys of the city's own
choice, against a private individual for
delinquent taxes; are the costs of suit and
fees earned by the various county officials
to be taxed as in an ordinary civil case, or
are such costs and fees taxed in accordance
with the provision of Article 7332?

"Particularly, inquiry is made as to
whether, in such a case, an out of county
Sheriff who completes service of process, is
entitled to the regular fees for such service
as in other civil cases?"

Article 7332, of Vernon's Civil Statutes, fixes
the fees which officers may receive in suits by the State
for delinquent taxes. The part of that article which per-
tains to the fees of a sheriff is as follows:

"The Sheriff or Constable of the County in which the suit is pending shall receive a fee of Two ($2.00) Dollars in each case which will cover the service of all process, and the selling of the property and executing deeds for same. If, in any such suit, process is issued to be served in Counties other than the one in which the suit is pending, the Sheriff or Constable serving the same shall receive a fee of One ($1.00) Dollar in each suit for his services."

We have not found any statute which expressly authorizes a sheriff to collect fees for serving citations in suits by incorporated cities to collect delinquent taxes, but the provisions of Articles 7337 and 7343, R.S. 1925, and Article 7345b of Vernon's Civil Statutes are germane.

Article 7337, R.S., 1925, is as follows:

"Any incorporated city or town or school district shall have the right to enforce the collection of delinquent taxes due it under the provisions of this chapter. Acts 1897, p. 132; G. L. vol. 10, p. 1186."

The last paragraph of Article 7343, R.S., 1925, is as follows:

"All laws of this State for the purpose of collecting delinquent State and county taxes are by this law made available for, and when invoked shall be applied to, the collection of delinquent taxes of cities and towns and independent school districts insofar as such laws are applicable."

All of the quoted statutory provisions are in Chapter 10 of Article 122, of Vernon's Civil Statutes.

Article 7345b, of Vernon's Civil Statutes, was enacted in 1937, Acts 45th Legislature, page 1494a, and prescribes the procedure in suits to foreclose tax liens. Section 1 of that article is as follows:

"For all purposes of this Act, the term 'taxing units' shall include the State of Texas or any town, city, or county in

said State with authority to levy and collect taxes."

Section 13 of that Act is as follows:

"The provisions of this Act shall be cumulative of and in addition to all other rights and remedies to which any taxing unit may be entitled, but as to any proceeding brought under this Act, if any part or portion of this Act be in conflict with any part or portion of any law of the State, the terms and provisions of this Act shall govern as to such proceeding. The provisions of Chapter 10, Title 122 of the Revised Civil Statutes of 1925 shall govern suits brought under this Act except as herein provided." Acts 1937, 45th Leg., p. 1494-a, ch. 506. (Emphasis added).

In the case of City of San Antonio vs. Campbell, 56 S. W. 130, the question was as to the authority of a sheriff to collect fees for services in tax suits. The court denied the right, saying:

"We are unable to find any provision allowing the sheriff compensation for the notices required to be given to the parties and their attorneys."

We have been unable to find any law other than Article 7332 of Vernon's Civil Statutes which authorizes the collection of fees by sheriffs for serving citations in tax suits.

We are of the opinion that out-of-county sheriffs may receive $1.00 for serving citations in suits by incorporated cities to collect delinquent taxes; that an in-county sheriff may receive the sum of $2.00 for all services in such a suit, and such officers may not collect the fees as in ordinary civil cases, regardless of the fact that "private attorneys" file such suits for such cities.

It is provided in Article 7332 that no fees shall be paid to County District or Criminal District Attorneys where such suits are filed by attorneys under contract to collect taxes.

## SUMMARY

The sheriff of the county in which a city tax foreclosure suit is pending is entitled to collect $2.00 for all of his services in such suit, including execution of the deed to purchaser, and the sheriff of a county other than the county in which a tax suit is pending is entitled to collect a fee of $1.00 for serving the process in each such suit. Other officers are not authorized to collect fees as in ordinary civil suits. Art. 7332, 7337, 7343, 7345b, V.C.S.; City of San Antonio vs. Campbell, 56 S.W. 130.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By

W. T. Williams
Assistant

APPROVED

ATTORNEY GENERAL

WTW:jr